IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORLAN C. GONZALEZ, DC # 839942,
a/k/a/ ORLANDO GONZALEZ, JR.,
    Plaintiff,

vs.                              Case No.:  3:05cv337/RV/EMT

COLONEL J. LONG, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on August 31, 2005 (Doc. 1).  Plaintiff also filed for leave to proceed in forma pauperis (Doc. 2).  Additionally, he filed a motion for temporary relief seeking an order restraining Defendants and two additional correctional officers from coming within fifty feet of him for a period of thirty days (Doc. 4).

    The court takes judicial notice of one case previously filed by Plaintiff in the United States District Court for the Southern District of Florida, Case No. 1:98cv01515, which was dismissed for failure to state a claim.  Additionally two appeals previously filed by Plaintiff in the Eleventh Circuit Court of Appeals, Case Nos. 99-2100 and 99-10152, were dismissed as frivolous.[1]  Plaintiff was incarcerated at the time he filed the above-described cases, as his inmate number appears in the court dockets, and he admits he has been incarcerated since 1993 (*see* Doc. 1 at 4). Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil
action or proceeding under this section if the prisoner has, on 3 or more prior

---

[1] The online dockets for the Eleventh Circuit and the Southern District of Florida may be accessed at https://pacer.login.uscourts.gov.

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant complaint, Plaintiff claims that Defendants, the Secretary of the Florida Department of Corrections (DOC) and several correctional officers at Santa Rosa Correctional Institution (SRCI) where Plaintiff is incarcerated, violated his rights under the Eighth and Fourteenth Amendments on the following grounds: (1) upon his arrival at SRCI on July 19, 2005, Plaintiff was forced by unidentified correctional officers to carry his personal effects, weighing approximately 240 pounds, without assistance; (2) the first two days Plaintiff was at SRCI, he was housed in disciplinary confinement and deprived of "prison privileges" by unidentified individuals without due process of law; (3) on July 19, 2005, Defendant Steene pulled Plaintiff's arm, slapped him on the neck, face, head, and upper back, and hit Plaintiff with a key on the arm, back, belly, and head, causing Plaintiff's arm and the top of his head to bleed; (4) Defendant Kaseta failed to respond to Plaintiff's declaring a medical emergency for an asthma attack and chest pain, although Plaintiff admits his condition lasted only one hour and improved after he used his inhaler; (5) Defendant Steene and Defendant Schrock filed false disciplinary reports against Plaintiff and failed to include names of witnesses on the charging documents, in violation of Plaintiff's due process rights, and (6) Defendant Schrock confiscated Plaintiff's radio, headphones, laundry bag, and twenty-five postage stamps during a routine search without issuing a property receipt (*see* Doc. 1 at 8-28). Plaintiff seeks monetary relief, restoration of gain time that was forfeited as a result of the disciplinary proceedings, and imposition of criminal charges against Defendant Steene for the alleged use of excessive force, as well as Defendant Kaseta for his role as an accessory to the alleged incident (*id.* at 29).

In his motion for temporary relief filed on September 18, 2005, Plaintiff seeks an injunction enjoining Defendants, as well as two additional correctional officers, from coming within fifty feet

of him for a period of thirty days (*see* Doc. 4 at 3).[2]  Additionally, he seeks direct access to the Regional Director of the DOC (*id*.).

This court concludes that Plaintiff has failed to meet the imminent injury requirement of section 1915(g).  Initially, the injuries allegedly suffered by Plaintiff as a result of the incident involving Defendant Steene described in the complaint, namely cuts on his arm and the top of his head, do not constitute serious physical injury.  Additionally, Plaintiff does not specifically show how this previous incident, which occurred more than one month prior to Plaintiff's filing of the instant complaint, or the alleged incident that occurred "recently" evidences a <u>present</u> threat of serious injury to him.  For example, Plaintiff does not allege Defendant Steene was in any way involved in the more recent assault by unidentified staff members or that Defendant Steene has threatened him with physical harm.  Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute.  *See* <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute.").  Therefore, Plaintiff cannot proceed in forma pauperis.

The Eleventh Circuit has mandated that, in a case where a prisoner plaintiff who is subject to the "three strikes" provision requests leave to proceed in forma pauperis but is denied leave, the district court must dismiss the case.  *See* <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

---

[2] Plaintiff claims he was "recently" assaulted and beaten by unidentified SRCI staff members, resulting in broken bones in his left wrist and right big toe and loss of hearing in his left ear (*see* Doc. 4 at 1).  He also claims Defendant Schrock threatened to kill him if he did not "keep his mouth shut" (*id*. at 2).  Plaintiff additionally states he was charged with three false disciplinary reports within a 30-day time period (*id*. at 1-2).

Case No.: 3:05cv337/RV/EMT

2.        That Plaintiff's motion for temporary relief (Doc. 4) be **DENIED** as moot.

At Pensacola, Florida, this 23<u>rd</u> day of September 2005.

>       /s/ *Elizabeth M. Timothy*
>       **ELIZABETH M. TIMOTHY**
>       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**